JUSTICE QUINN
dissenting:
The trial court’s failure to specifically eliminate long-term foster care as a less drastic alternative to termination compels me to respectfully dissent. Even accepting the majority’s interpretation of the decree as an implicit determination that this alternative was inappropriate, the relationship at stake here is too basic and fundamental to allow its termination to rest on anything less substantial than an explicit determination of record that under no reasonable circumstances can the welfare of the child be served by the less drastic alternative. The requirement of explicitness is particularly appropriate in this case, since long-term foster care was the competing alternative proposed to the trial court.
*218 The rights severed in this case are of the first order and find protection in both the due process and equal protection clauses of the Fourteenth Amendment. Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); Overturf v. District Court of 20th Judicial District, 198 Colo. 516, 602 P.2d 850 (1979). Termination of parental rights “severs permanently not only the rights ... of the parent relative to the child, but those of the child as well,” such as the right to support and inheritance. People in the Interest of K.S. and M.S., 33 Colo. App. 72, 76, 515 P.2d 130, 132-33 (1973). Because of the awesome finality attaching to a decree of termination, we have wisely and consistently required that the trial court explore and specifically eliminate less drastic alternatives. E.g., People in the Interest of H.A.C. v. D.C.C., 198 Colo. 260, 599 P.2d 881 (1979); People in the Interest of M.M., 184 Colo. 298, 520 P.2d 128 (1974); People in the Interest of K.S. and M. S., supra. I would impose that requirement in this case and would remand for specific findings in that regard.
I am authorized to say that JUSTICE DUBOFSKY joins me in the dissent.